UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ITOFFEE R. GAYLE,

                        Plaintiff,

– against –

VALERIE LARKO and LYONS WIER
GALLERY,

                        Defendants.

**OPINION AND ORDER**
18 Civ. 3773 (ER)

Ramos, D.J.:

    *Pro se* plaintiff Itoffee R. Gayle ("Plaintiff" or "Gayle") brings claims of trademark and copyright infringement against artist Valerie Larko ("Larko") and Lyons Wier Gallery ("Lyons Gallery") (collectively, "Defendants"), for exhibiting a painting that included the phrase "Art We All One." Gayle claims ownership of a trademark and two copyrights for the phrase "Art We All." Defendants filed two separate motions to dismiss contending that Gayle has failed to plead sufficient facts to support his infringement claims. For the reasons set forth below, the motions to dismiss are GRANTED.

**I.    BACKGROUND**

    From October 15 to October 30, 2015, Lyons Gallery showcased Larko's oil-based painting, "Graffiti Camper, Boston Road," in an exhibit called "Location, Location, Location," in Chelsea, New York. Doc. 6, 5. The painting depicted a streetscape including existing graffiti on portions of dilapidated walls and objects along a street in the Bronx, New York. Doc. 35, Ex. A. The focal point of the painting is a camper that is surrounded by concrete road blocks, dumpsters, and a long, rectangular structure behind the camper; all of these surfaces are covered in an assortment of graffiti in varying styles. Among the clutter of graffiti on the structure,

which stands behind the camper, the phrase "Art We All One" is written twice in all caps and small red lettering. While "Graffiti Camper, Boston Road" was part of the Lyons Gallery exhibit, Gayle makes no assertion that any point Larko or Lyons Gallery used the phrases "Art We All" or "Art We All One" in connection with advertising the exhibit. *Id.* at Ex. 1 ¶ 10.

Gayle brought this lawsuit against Larko and Lyons Gallery on April 27, 2018, proceeding *in forma pauperis*. Doc. 2. He amended his complaint on July 2, 2018. Doc. 6. Gayle asserts that Larko and Lyons Gallery infringed his copyright registrations VA2006958 and VA2088822, and his trademark registration No. 5108721, for the phrase "Art We All." Doc. 6, 5. Lyons Gallery provided the Court with a copy of a trademark registration certificate ("Trademark Certificate") owned by Gayle for the mark "ART WE ALL" ("the Mark"), which consists of standard characters without claim to any particular font style, size, or color. Doc. 35, Ex. B. The Mark was registered on December 27, 2016 as a Class 35 registration for retail store services featuring works of art. *Id.* The dates of the copyright registrations are not provided. Gayle brings claims pursuant to federal trademark infringement laws 15 U.S.C. §§ 114(a) and 1125(a), for related state trademark infringement laws, and for copyright infringement pursuant to 17 U.S.C. § 504.[1] Doc. 6, 5–7.

## II.   LEGAL STANDARD

When ruling on a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), district courts are required to accept as true all factual allegations in the complaint and to draw all reasonable inferences in plaintiff's favor. *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). However,

---

[1] Some of these allegations appear in filings other than the amended complaint; specifically, this opinion relies on allegations in the original complaint and Gayle's opposition to the motion to dismiss. "[I]n cases where a *pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they are consistent with the allegations in the complaint." *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004) (quotation marks omitted) (collecting district court cases); *see also Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (considering allegations in *pro se* plaintiff's opposition to motion to dismiss).

this requirement does not apply to legal conclusions, bare assertions, or conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681, 686 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff is required to support his claims with sufficient factual allegations to show "more than a sheer possibility that a defendant has acted unlawfully." *Id*. If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *In re Express Scripts Holding Co. Sees, Litig.*, No. 16 Civ. 3338 (ER), 2018 WL 2324065, *6 (S.D.N.Y. May 22, 2018) (quoting *Twombly*, 550 U.S. at 570). Moreover, while a *pro se* plaintiff is permitted certain leeway, a court will "still require that he plead facts sufficient to 'state a claim to relief that is plausible on its face.'" *Teichmann v. New York,* 769 F. 3d 821, 825 (2d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678).

## III. DISCUSSION

### A. <u>Trademark Infringement</u>

Gayle has not plead any facts to support his federal, and related state law, trademark infringement claims. But even if he had, the Lanham Act would not apply to Larko's use of the Mark. The Lanham Act, 15 U.S.C. § 1051 *et seq.*, governs trademarks, service marks, and unfair competition. New York common law claims for trademark infringement and unfair competition mirror the Lanham Act. *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 901 (S.D.N.Y. 2016). To prevail in an infringement action a plaintiff must demonstrate: (1) "that it has a valid mark entitled to protection" and (2) "that the defendant's use of that mark is likely to cause confusion." *Juicy Couture v. Bella Intern. Ltd.*, 930 F. Supp. 2d 489, 498 (S.D.N.Y. 2013) (quoting *Time, Inc. v. Petersen Publ'g Co. LLC*, 173 F.3d 113, 117 (2d Cir. 1999)). A mark is entitled to protection when it is inherently distinctive. *Times, Inc.*, 173 F.3d at 117; *see also Lewinson v. Henry Holt & Co., LLC*, 659 F. Supp. 2d 547, 569 (S.D.N.Y. 2009)

3

(declining to find short, ordinary phrase as distinctive for copyright purposes). Gayle has failed to plead a single fact that shows the Mark is inherently distinctive.

But even if he did, Larko's use of the phrase "Art We All One" is protected free expression under the Lanham Act and the First Amendment. *See Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989) (construing that Lanham Act should "apply to artistic works only where the public interest in avoiding consumer confusion outweighs the public interest in free expression" due to First Amendment considerations); *see also Silverman v. CBS Inc.*, 870 F.2d 40, 48 (2d Cir. 1989) ("In the area of artistic speech…enforcement of trademark rights carries a risk of inhibiting free expression…."). A defendant's use of a mark in an artistic work comports with the Lanham Act when the mark is (1) artistically relevant to the underlying work, and (2) not explicitly misleading as to the source or content of the work. *Rogers*, 875 F.2d at 1006. Artistic relevance is satisfied unless the use of the trademark has no artistic relevance whatsoever to the underlying work; it is a low threshold. *Louis Vuitton Malletier v. Warner Bros. Entm't.*, 868 F. Supp. 2d 172, 178 (S.D.N.Y. 2012). A mark is misleading if it induces members of the public to believe the work was prepared or otherwise authorized by the plaintiff. *Id.* at 179.

Here, the phrase "Art We All One" was in the background among many other cluttered examples of graffiti in a painting titled "Graffiti Camper, Boston Road," and so the Mark is artistically relevant to the painting depicting a graffiti-covered streetscape including an abandoned camper, among other structures and vehicles, as opposed to arbitrarily chosen to exploit the publicity value of the Mark. *Id.* at 178 (citing *Rogers*, 875 F.2d at 1001). This use also does not raise questions of authorization from plaintiff as the exhibition was promoted as a painting made by Larko. Doc. 34, 9. Gayle submitted Instagram hashtag captions and website

screenshots, which show that the phrase "Art We All" was not used to promote the paining, but instead Defendants used phrases like "#graffiti" and "#streetart." Doc. 30, 10.

Similarly, Gayle has not demonstrated confusion to the public. The proper inquiry when deciding a claim of consumer confusion is whether it is likely that an appreciable number of ordinarily prudent consumers would be misled about the source or sponsorship of the service in question. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 155 (2d Cir. 2002). Here, Gayle alleges that Defendants capitalized on the Mark's brand name recognition in relation to promoting art gallery services. Doc. 6, 6. But he does not plead that it would cause confusion as to the source of the Mark. These are conclusory allegations that fail to raise a "serious question" as to a likelihood of confusion. *Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 631 (S.D.N.Y. 2008).

Furthermore, where it would be difficult for even a keen observer to pick out the allegedly infringed mark, for example, such as when it appears in the background of a film scene, a plaintiff cannot plausibly establish confusion. *Id.* at 634–35. Here, Larko's sole use of the phrase "Art We All One" was in small red lettering in the background of a single painting. Doc. 30, 10. No art gallery attendee would consider whether Gayle or Defendants sponsored the writing on the wall, surrounded by other graffiti, depicted in the painting. *Gottlieb*, 590 F. Supp. 2d at 635. Lastly, Gayle makes no claims to style, font, or color in his Mark, thus his allegation that Larko mimicked those features exactly is unavailing. Doc. 6, 5; Doc. 35, Ex. B. *See Museum of Modern Art v. MOMACHA IP LLC*, 339 F. Supp. 3d 361, 379 (S.D.N.Y. 2018) (describing example of actual confusion when person wrote museum to confirm logo's affiliation because font and style were similar to allegedly infringed mark). Accordingly, Gayle's trademark infringement claim fails.

5

## B. Copyright Infringement

Gayle's claim of copyright infringement also fails because he has not plead sufficient facts to support it. To establish copyright infringement, a plaintiff must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Kwan v. Schlein*, 634 F.3d 224, 229 (2d Cir. 2011) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)). Courts in the Southern District of New York have held that to meet the requirements of Rule 8(a), a complaint must plead with specificity the acts by which a defendant has committed copyright infringement. *See e.g.*, *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000). Specifically, a plaintiff must allege (1) which specific original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright. *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd sub nom. Kelly v. L.L. Cool J*, 23 F.3d 398 (2d Cir. 1994) (citing *Franklin Elec. Publishers v. Unisonic Prod. Corp.*, 763 F. Supp. 1, 4 (S.D.N.Y. 1991)).

Gayle has not met any part of the copyright infringement standard. First, while in his opposition to the motion he alleges that the phrase "Art We All" is subject to the two copyright registrations he owns, he does not provide the specific original works he used to register the copyrights. Doc. 31, 3. At best, Gayle included a picture titled "The Original," which depicted a camper in front of a rectangular structure, covered in graffiti including and with the phrase "Art We All One" written on the structure. Doc. 2. However, this image contains no date or indication of how it is connected to the copyright registrations. Doc. 30, 8. Thus, the Court has no original works to compare Larko's use of the phrase to or determine whether Gayle owns

copyrights for. Next, Gayle has not shown that the copyrights were registered in accordance with the statute. On its face, the phrase is not copyrightable. *Moody v. Morris*, 608 F. Supp 2d 575, 579 (S.D.N.Y. 2009) ("[I]t is axiomatic that words, short phrases, titles and slogans are not subject to copyright, even if they are trademarked."); *see also* 37 C.F.R. §202.1(a) (listing examples of works not subject to copyright like "[w]ords and short phrases such as names, titles, and slogans"). Lastly, Gayle has not plead the date he obtained the copyright registrations and so the Court cannot properly assess whether Defendants' alleged use of the disputed phrase infringed the copyright.

Even if assuming *arguendo* Gayle did plead sufficient facts to satisfy the elements of copyright infringement, his claim would still fail because including a short phrase in an expressive piece of art is *de minimis* use which does not rise to the level of infringement. *See Gayle v. HBO*, 2018 U.S. Dist. LEXIS 73254, at *3–4 (S.D.N.Y. 2018) (discussing similar trademark and copyright claims brought by Gayle for the phrase "Art We All"). In the copyright context, *de minimis* use applies to (1) technical violations so trivial the law will not impose consequences on it, or (2) to copying that occurred to such a trivial extent that it falls below the qualitative standard of substantial similarity with the allegedly infringed copyright. *Id*. Defendants' limited use of the phrase in the background of the painting is *de minimis*. It was displayed on just one occasion at the Lyons Gallery exhibition. Doc. 30, 10. Thus, Gayle's copyright infringement claim fails.

## IV. CONCLUSION

In sum, Defendants' motions to dismiss are GRANTED. Docs. 29–30. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order should not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.

Moreover, the Court declines *sua sponte* to grant Gayle leave to amend his complaint. Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Here, leave is unwarranted because the problem with Gayle's claims is "substantive" and, thus, "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Finally, Gayle has already been given permission to amend his complaint once, and he has not requested permission to file another amended complaint or given any indication that he is in possession of facts that would cure the problems identified in the instant motions to dismiss. *Reynolds v. City of Mount Vernon*, No. 14-CV-1481 (JMF), 2015 U.S. Dist. LEXIS 43061, 2015 WL 1514894, at *5 (S.D.N.Y. Apr. 1, 2015).

The Clerk of the Court is respectfully directed to send a copy of this order to the Plaintiff, addressed to Itoffee R. Gayle 2010 Powell Ave. Apt. 2F Bronx, NY 10472. The Clerk is further directed to terminate the motions, Docs. 29–30, and close the case.

SO ORDERED.

Dated: September 17, 2019
New York, New York

Edgardo Ramos, U.S.D.J.